### ANDREW CONNORS v. STATE.

The defendant was convicted upon an indictment under the seventy-eighth section of the Crimes act, which charged him with an assault upon Louis Noll, with intent him, the said Louis Noll, feloniously, wilfully and of his malice aforethought to kill and murder, without specifying particularly the manner in which the intent was manifested. *Held*, that the defect, if it exists, is a formal one which did not prejudice the defendant in maintaining his defence on the merits, and that therefore, by force of the eighty-ninth section of the Criminal Procedure act, the judgment against him should be affirmed.

In error to the Essex county Quarter Sessions.

Argued at February Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and PARKER.

For the plaintiff in error, *Samuel Kalisch*.

For the state, *Oscar Keen*.

The opinion of the court was delivered by

VAN SYCKEL, J. The defendant was convicted upon the second count of the indictment, which charges that he, " the said Andrew Connors, on the fifth day of July, in the year of our Lord one thousand eight hundred and eighty-one, at the city of Newark, in the county of Essex, in and upon one Louis Noll a felonious assault did make, with intent him, the

said Louis Noll, then and there feloniously, wilfully and of his malice aforethought to kill and murder by shooting at him, the said Louis, with a pistol, to the great damage of the said Louis, contrary to the form of the statute in such case made and provided, and against the peace of this state, the government and dignity of the same."

The alleged error relied upon for reversal is, that the indictment does not set out, with the requisite particularity, the aggravating circumstances which constitute the crime charged, according to section 78 of the Crimes act. *Rev., p.* 241.

That section provides that every person who shall be convicted of an assault, with an intent to commit any murder, manslaughter, robbery, sodomy or rape, or of an atrocious assault and battery, by maiming or wounding another, shall be deemed guilty of a misdemeanor, and shall be punished by imprisonment at hard labor, not exceeding ten years, or by a fine not exceeding $1000, or both.

The insistment is that section 45 of the Criminal Procedure act (*Rev., p.* 275,) does not apply to an indictment charging an intent to kill, and that therefore the manner in which the intent was manifested must be set forth with as much particularity as in an indictment for murder at common law.

The crime at which the statute is aimed is the assault with the intent to commit murder, and that is specifically charged, so that the defendant could have been under no misapprehension as to the character of the offence imputed to him.

The defect relied upon, if it exists, is a formal one, which could not have prejudiced the defendant in maintaining his defence on the merits.

It was the object of the eighty-ninth section of the Criminal Procedure act to deprive offenders of the right to take advantage of such errors.

In *State* v. *Donnelly,* 2 *Dutcher* 463, a technical error in the verdict was, by force of this statute, held to be of no importance in the case.

In *Hunter* v. *State,* 11 *Vroom* 495, the Court of Errors refused to reverse the judgment against the prisoner for the

admission of illegal testimony, where it plainly appeared that such testimony could not have injuriously affected him on the merits of the case.

In *State* v. *Robinson*, 6 *Vroom* 71, the same statute was successfully invoked to prevent the defendant from taking advantage of a formal defect in the description of the crime charged to him.

To promote the ends of justice this act should receive the most liberal interpretation and be accorded the fullest effect.

It is not necessary to decide whether the crime in this case is charged with technical formality. Conceding the imperfection, the defendant was in no wise prejudiced by it in maintaining his defence upon the merits, and therefore the judgment below should be affirmed.